UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM, | No. 2:21-cv-0311 DB P |
| Plaintiff, | |
| v. | ORDER AND |
| KATHLEEN ALLISON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915A(a) in due course. In the meantime, plaintiff's motion requesting an emergency hearing is before the court. (ECF No. 6.)[1]

**I.     Motion for Emergency Hearing and Special Response**

Plaintiff's motion, filed on February 26, 2021, states he is in a life and death emergency and that the defendants are denying him emergency health care and not answering his request forms and inmate appeals. He states he needs to go to the hospital but is not being taken to the hospital. Plaintiff requests the court to hold an emergency hearing.

////

---

[1] This motion was filed in this case and in case number 2:20-cv-2467-KJM-AC. The undersigned does not address the portions of the motion specifically directed to case 2:20-cv-2467-KJM-AC.

1

By order signed on April 8, 2021, the court ordered a Supervising Deputy Attorney General to address the allegations in plaintiff's motion for an emergency hearing. Pursuant to the court's order, and by special appearance on April 21, 2021, a Supervising Deputy Attorney General responded to plaintiff's allegations. (ECF No. 19.) The response filed includes a declaration signed by plaintiff's primary care physician, Dr. Son.

According to Dr. Son, plaintiff has within the last year received multiple physical examinations from Dr. Son and other medical professionals, as well as blood tests and x-rays. Dr. Son states plaintiff's laboratory tests in January 2021 were essentially normal and not indicative of any terminal illness, or kidney or liver disease. He received a gastrointestinal consult in September 2020, and a colonoscopy on October 10, 2020. He has complained of chest pain and has received a thorough cardiac work up, including an emergency visit on February 11, 2021, which was negative for a heart attack/myocardial infarction, irregular heart rhythm, and heart murmur. An electrocardiogram obtained on March 30, 2021 in response to complaints of chest pain indicated that plaintiff's heart had a normal rhythm. There was no indication that a myocardial infarction or heart attack had occurred. Dr. Son further states plaintiff had a fractured right arm which was surgically repaired. At a follow-up appointment on April 5, 2021, the orthopedic surgeon indicated no additional surgery was needed. (ECF No. 19 at 7-8.)

**II.     Legal Standards for Injunctive Relief**

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. In

cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

### III. Discussion

Although plaintiff states he is in a life and death emergency and needs to go to the hospital, his allegations are conclusory and fail to raise his right to relief above a speculative level. Moreover, plaintiff's treating physician does not agree with plaintiff's assessment. The court finds plaintiff is receiving health care and retains the ability to submit health care grievances.

Under the circumstances, plaintiff fails to show he is under a presently existing actual threat. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674. A speculative injury does not constitute irreparable harm sufficient for a preliminary injunction to issue. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

Because plaintiff fails to show he is under a presently existing threat, he fails to show a likelihood of success on the merits and possibility of irreparable injury, or that the balance of hardships tips sharply in his favor. Under these circumstances, the undersigned will recommend the motion for an emergency hearing be denied.

### IV. Conclusion

IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this action.

In addition, IT IS RECOMMENDED that plaintiff's motion for an emergency hearing (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
yoco0311.48