UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-0311 DB TLN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint (ECF No. 1) is before the court for screening under 28 U.S.C. § 1915A(a). In addition, plaintiff seeks the undersigned's reconsideration of an April 7, 2021 order directing a Supervising Deputy Attorney General to address plaintiff's allegations that he is being denied medical care and redress of grievances. (ECF No. 14.)

**I.     In Forma Pauperis**

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 2.) Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening and Pleading Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court must dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. In reviewing a complaint under this standard, the court accepts as true the factual allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation

of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.    Plaintiff's Allegations

Plaintiff alleges he entered the California Department of Corrections and Rehabilitation ("CDCR") on June 5, 2018 with two broken arms, organ failure, and a collapsed bladder. Plaintiff arrived at California Health Care Facility ("CHCF") on January 23, 2020. The allegations in the complaint involve plaintiff's medical care at CHCF as well as the defendants' refusal to initiate recall of commitment proceedings for plaintiff based on his medical condition.

Plaintiff alleges he is severely ill and that the nurses and doctors at CHCF claim there is nothing wrong with him. Plaintiff alleges his medical records are "doctored" and that he is being involuntarily medicated. He alleges he underwent various "botched" procedures in 2020, including a scope exam of his esophagus to stomach in November of 2020. On multiple occasions at CHCF, plaintiff alleges he declared himself "mandown" and was thereafter treated poorly and told to die in his cell.

As to the conduct of the named defendants, plaintiff alleges defendant Kamalullah Yusufzie refused to hospitalize him for organ failure and broken arms. Plaintiff alleges his doctor, defendant Bhupinder Lehil, refused him hospitalization for his broken arm in October and November of 2020. Plaintiff alleges he filed an extraordinary writ in the California Supreme Court asking for hospitalization in December of 2020. Plaintiff alleges defendant J. Clark Kelso, the Federal Receiver, through his attorneys, argued against plaintiff being hospitalized.

In addition, on January 7, 2021, plaintiff was transported to the medical unit where he was assaulted by unspecified correctional officers. He was then taken back to his cell and told to die.

On January 9, 2021, plaintiff was taken to the hospital but was not hospitalized. Plaintiff alleges CT scans taken showed he had "injuries and misdiagnoses" including a collapsed bladder.

Plaintiff alleges his health is in critical condition with organ failure, a collapsed bladder, and broken bones. Plaintiff alleges he is being tortured to death by the lack of medical care. For relief, plaintiff seeks to compel defendants to immediately hospitalize him, to either "issue a prognosis of terminal illness, or not," and to process his independent request for the recall of his commitment based on terminal illness. (ECF No. 1 at 6, 14.)

### IV. Discussion

#### A. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's complaint does not comply with the standards of Rule 8 in that it fails to clearly articulate the facts giving rise to any claim. Instead, plaintiff's allegations consist mostly of vague generalities and conclusions, such as referencing "botched" medical procedures without further details, alleging that he is being tortured by a lack of medical care, and alleging that defendants refuse to hospitalize him without clearly setting forth facts to would support a conclusion that he requires hospitalization. Under these circumstances, and as set forth in greater detail below, the factual bases of the claims plaintiff intends to bring are not clear.

#### B. Failure to Identify Defendants or Link Named Defendants to Harm Suffered

In addition, the complaint is subject to dismissal because the allegations fail to link the actions or omissions of the specific individual defendants to the alleged harm suffered. Plaintiff's complaint lists four defendants sued in their individual and official capacities. The factual allegations in the body of the complaint reference other individuals by name, sometimes referring to them as defendants or stating that they should be defendants. However, it is unclear whom, if any, of these individuals plaintiff intends to name as defendants in this action.[1]

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcraft v. Iqbal, 556

---

[1] In any amended complaint that plaintiff files, plaintiff shall clearly identify each defendant by listing each defendant's (1) name, (2) position and title, and (3) location in a list of defendants.

U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

As set forth, plaintiff's claims are replete with labels and conclusions, but short on specific facts. Plaintiff names Secretary of CDCR, Kathleen Allison, and Federal Receiver, J. Clark Kelso, but has not alleged facts indicating these defendants personally participated in an alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff further alleges defendants Kelso, Lehil and Yusufzie refused to hospitalize him. As set forth below in the context of the Eighth Amendment discussion, however, such bare a bare and conclusory allegation does not suffice to state a cognizable claim. Thus, plaintiff's allegations fall short of what is necessary to give rise to a cognizable claim for relief against any named defendant.

**C. Recall of Commitment**

In addition, in seeking to compel defendants to initiate the recall of commitment process, plaintiff requests relief this court cannot grant. Pursuant to section 3076 of Title 15 of the California Code of Regulations, a Recall of Commitment Recommendation Consideration is a process by which the Director of California Department of Corrections and Rehabilitation may recommend at any time to the sentencing court the recall of an inmate's commitment. Id. This can happen for a variety of reasons. Cal. Code Regs. tit. 15, § 3076(a)(2).

To give rise to a liberty interest protected by the due process clause, a regulation must contain explicitly mandatory language. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); see also Mendoza v. Blodgett, 960 F.2d 1425, 1428 (9th Cir. 1992) ("A

5

state creates a protected liberty interest when it places substantive limitations on official discretion."). The language pertaining to the application the recall of commitment process is discretionary and optional. See Cal. Code Regs. Tit. 15, § 3076 (stating secretary or designee may recommend a recall of inmate's commitment). Thus, section 3076 of Title 15 of the California Code of Regulations does not provide a private cause of action for a prisoner who has not actually been recommended for recall of his commitment. See Williamson v. Yates, No. 1:11-CV-00155-GBC, 2011 WL 3290171, at *3 (E.D. Cal. July 28, 2011); Larson v. Runnels, No. CIV-S-07-0806 FCD DAD P, 2007 WL 4557103, at *2 (E.D. Cal. Dec. 21, 2007).

Moreover, any discretionary decision made by defendants pertaining to recall of commitment proceedings is based upon state law, as the recall process does not implicate any federal rights. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). A litigant may not transform a state law issue into a federal one merely by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1380 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997). For all these reasons, plaintiff fails to state a claim seeking to compel defendants to take any action pertaining to recall of commitment proceedings. In addition, it appears such a claim cannot be cured by amendment.

**D. Eighth Amendment**

**1. Excessive Force**

Plaintiff alleges a lieutenant, three sergeants and two correctional officers used excessive force when him when they lifted him out of bed and forced him into a wheelchair. Plaintiff also alleges he was assaulted by two correctional lieutenants. However, it is unclear whether plaintiff intends to bring a claim under the Eighth Amendment for the use of excessive force in this action. Although plaintiff may be able to state a cognizable excessive force claim in an amended complaint, his allegations in the present complaint do not identify the individuals responsible.

In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.

Hudson, 503 U.S. at 6-7; see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

### 2. Deliberate Indifference

An Eighth Amendment deliberate indifference claim based on medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is sufficiently serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). To state an Eighth Amendment deliberate indifference claim, a prisoner must assert facts that plausibly allege that the prison official knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). In order to be actionable, the indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical malpractice will not support this cause of action. See Estelle, 429 U.S. at 105-06); Whitley, 475 U.S. at 319; Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); McGuckin, 974 F.2d at 1059.

To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1059. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Here, plaintiff has alleged he had serious medical needs during the time period in question, including broken bones, a collapsed bladder, and organ failure. Although plaintiff has alleged these serious medical needs, the complaint fails to allege with at least some degree of particularity overt acts by specific defendants to support claims for deliberate indifference under the Eighth Amendment. Vague and conclusory allegations regarding "torture," denial of medical care, "doctored" medical records, involuntary medication, "botched" procedures, and defendants' refusals to hospitalize plaintiff do not satisfy this standard.

In particular, the complaint does not clearly set forth factual allegations describing how any individual defendant was aware of a risk of harm to plaintiff and what specific actions or omissions the individual took that prevented plaintiff from being hospitalized or otherwise caused harm to plaintiffs. Because a mere difference of medical opinion is insufficient to establish deliberate indifference," Toguchi, 391 F.3d at 1056, alleging that a particular defendant refused to hospitalize plaintiff does not, by itself, state a cognizable Eighth Amendment claim.

While Rule 8 does not require detailed factual allegations, a complaint is insufficient if, as is the case here, it offers a naked assertion devoid of further factual enhancement. Iqbal, 556 U.S. at 678. Because it appears possible that plaintiff may be able to correct the deficiencies pertaining to his Eighth Amendment claims, the court will grant plaintiff another opportunity to plead his Eighth Amendment claims.

**E**.  **Motion for Reconsideration (ECF No. 18)**

Plaintiff seeks the undersigned's reconsideration of the April 7, 2021 order directing a Supervising Deputy Attorney General to address plaintiff's allegations that he is being denied medical care and redress of grievances. (ECF No. 14.) In response to the April 7, 2021, order, a Supervising Deputy Attorney General filed a response by special appearance on April 21, 2021. Based, in part, on the contents of the response by special appearance, by order signed on September 2, 2021, the undersigned recommended plaintiff's February 26, 2021 motion for an emergency hearing (ECF No. 6) be denied. On September 20, 2021, the district judge assigned to this case adopted the recommendation and denied plaintiff's February 26, 2021 motion. (ECF No. 26.)

Plaintiff's motion requesting the undersigned's reconsideration asserts the April 7, 2021 order was insufficient to properly address his claims and complaints. (ECF No. 18.) Upon reconsideration, the order signed April 7, 2021 is affirmed. The motion for reconsideration by the undersigned will be denied.

## V.     CONCLUSION

Plaintiff's complaint fails to state a claim on which relief may be granted, but the court will grant plaintiff an opportunity to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff opts to amend, he must set forth "sufficient factual matter... to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). If plaintiff chooses to file an amended complaint, it should be brief, and must state what each named defendant did that led to the deprivation of constitutional rights. Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be clearly titled "First Amended Complaint" and should reference the appropriate case number.

If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, after which the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). In the further alternative, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a district judge.

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 12, 17) are granted;

2. Plaintiff's motion for reconsideration by the undersigned (ECF No. 18) is denied;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order;

4. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

5. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies identified by the court in this order;

    b. A notice of voluntary dismissal; or

    c. A notice of election to stand on the complaint as filed; and

6. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed with prejudice for failure to obey a court order and failure to prosecute.

Dated: September 22, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
yoco0311.screen